# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 23, 2019

158154

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

DOMINIQUE ARNETT RAMSEY, JR.,
      Defendant-Appellant.

SC: 158154
COA: 334614
Saginaw CC: 15-041847-FC

_____/

On order of the Court, the application for leave to appeal the April 24, 2018 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment reversing the Saginaw Circuit Court's March 3, 2016 decision to grant a new trial on grounds that the verdict was against the great weight of the evidence, and we REMAND this case to the Court of Appeals for consideration as on reconsideration granted. The Court of Appeals held that the trial court had abused its discretion in granting a new trial "for the same reasons" as it erred in deciding that the evidence was insufficient to convict the defendant of conspiracy, and found that "the record evidence did not preponderate against the jury's verdict to the extent that a miscarriage of justice has occurred." Though there may be sufficient evidence to convict when the evidence is viewed in the light most favorable to the prosecutor, that does not render a decision on the great weight of the evidence an abuse of discretion. See *People v Lemmon*, 456 Mich 625, 633-635 (1998). On remand, the Court of Appeals shall determine whether the decision to grant a new trial was within the range of principled outcomes in light of the trial court's finding that the jury verdict resulted in a miscarriage of justice. MCR 6.431(B). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 23, 2019



Clerk

p0116